IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD  DIVISION

Habeeb Abdul Malik, #231677,    )  Civil Action No.  8:06-319-RBH-BHH
    )
            Plaintiff,  )
    )
      vs.      )
    )
Mutahhir Sabree, Muslim Chaplain at  )  **REPORT AND RECOMMENDATION**
Kirkland Correctional Institution,  )  **OF MAGISTRATE JUDGE**
    )
          Defendant.  )
_____

The plaintiff,[1] a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983; the Religious Land Use and Institutionalized Persons Act of 200 (RLUIPA), 42 U.S.C. § 2000cc-1; and the Fourteenth Amendment of the United States Constitution.   This matter is before the Court on the defendant's motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action seeking injunctive relief and a declaratory judgment. Principally, the plaintiff contends that he has been denied the ability to practice essential tenants of his Islamic faith and to receive religious materials related to the same.

The defendant moved for summary judgment.  By order, pursuant to *Roseboro v.*

---

[1]  The plaintiff has recently had a legal change to his name.  He was previously known as Ron Tearia Nicholas.  The Court has entered an Order formally recognizing the change for purposes of this case.

*Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. On August 22, 2006, the plaintiff filed a response to the motion for summary judgment.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the

2

movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The plaintiff has pled three claims. First, he contends that the defendant has impeded his ability to observe the fast practiced during the holy month of Ramadhaan by not ensuring that the plaintiff's morning and evening meals are delivered at appropriate times – namely before and after the daily fast, respectively ("Ramadhaan" claim). Second, the plaintiff alleges that the defendant has failed to accommodate his religious dietary requests for Halal food products and prohibited the plaintiff from purchasing such products at his own expense ("Halal Food" claim). Lastly, the plaintiff complains that the defendant has denied him access to certain Islamic study material, including a translation of the Qur'an, the Sunnah, and various study aides ("Materials" claim).

## I.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

The defendant has moved for summary judgment as to the Ramadhaan and Materials claims on the basis that they have not been exhausted. Not only does the plaintiff admit a failure to exhaust either of these claims, he actually concedes that "all of the issues enumerated in his Complaint are not fully exhausted." (Resp. Summ. J. at 1.)

3

The plaintiff, however, argues that the South Carolina Department of Corrections (SCDC) has substantially delayed processing his grievances (6 months) such that his claims should be considered as having been exhausted.

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The Prison Litigation Reform Act's ("PLRA") exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," including "excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

"To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner must complete the state administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now required. *See Woodford v. Ngo*, 126 S.Ct. 2378 (2006). Thus, the inmate must actually and strictly comply with the requirements of the administrative processes. *See Houze v. Segarra*, 217 F. Supp. 2d 394, 396 (S.D.N.Y. 2002) (and cases cited therein); *see also Booth*, 532 U.S. at 735 (noting that Booth failed to undertake any intermediate or appellate steps in the administrative process). An inmate's failure to "properly take each step within the administrative process. . . bars, and does not just postpone, suit under § 1983." *Pozo*, 286 F.3d at 1024 (emphasis added); *see also White*

4

*v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (dismissal is appropriate if the inmate fails to exhaust or only partially exhausts administrative remedies); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (same).

Contrary to the plaintiff's contention, the defendant has produced evidence that the plaintiff failed to begin any grievance process whatsoever in regards to his Ramadhaan and Materials claims. (Def. Mem. Supp. Summ. J. Ex. B ¶ 7.) The plaintiff has submitted no materials in response for the Court's consideration but, as stated, contends simply that he has filed grievances which have not been fully adjudicated by the SCDC. A review of the submitted grievance form demonstrates that the plaintiff has not filed any grievance concerning the Ramadhaan and Materials claims.

The defendant has submitted a Step 1 grievance form of the plaintiff submitted December 27, 2005. In the grievance, the plaintiff claims that the SCDC failed to (1) accommodate his dietary needs by providing Halal food products; (2) provide him with Halal hygienic products, including soap and toothpaste; (3) permit him to observe the *feasts following* Ramadhaan; and (4) serving him pork under the auspices that it is either beef or turkey.

Clearly, the plaintiff's present Halal Food claim was included in his administrative grievance. But, the Ramadhaan or Materials claims were not. Although the plaintiff grieved concerns regarding "**feasts**" held "following" Ramadhaan, nowhere did he complain about impediments to his ability to "**fast**" during that month. As stated, the plaintiff has proffered no evidence to the contrary. Therefore, the timeliness of the SCDC's response to any such grievances is irrelevant; the plaintiff did not file them.

Accordingly, the plaintiff's Ramadhaan and Materials claims are dismissed for his

failure to exhaust.

While the plaintiff has filed a grievance concerning his Halal Food claim that claim appears unexhausted as the parties have not submitted any response to the plaintiff's Step 2 grievance form.   *See Broten v. Charleston County Detention Center*, 2006 WL 354834, at *2 (D.S.C. February 14, 2006) (stating that the plaintiff must complete the grievance procedure available to prisoners in South Carolina); *see also Ceasar v. Ozmint*, Slip Copy, 2006 WL 1751715, at *6 n.22 (D.S.C. 2006) (finding that exhaustion is not complete until the plaintiff has received a response to his Step 2 grievance).

The SCDC has 60 days to respond to a Step 2 Grievance.   *See* SCDC Inmate Grievance System Policy issued 1-1-2006.   Importantly, the SCDC policy provides that if, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal.   *See* Section 13.6 of SCDC Policy issued 1-1-2006 (emphasis added).   Thus, after the relevant time period has elapsed – in this case 60 days, courts have considered the plaintiff to have exhausted "such administrative remedies as are available."   42 U.S.C. § 1997e(a); *see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

The plaintiff filed his Step 2 grievance on March 17, 2006.   At the time of the defendant's motion for summary judgment, on July 18, 2006, no response had been given. At the time of this report and recommendation, neither party had apprised the Court of the status of that Step 2 grievance.   Accordingly, the Court will consider the plaintiff's Halal claim as exhausted.

## II.    Halal Food Claim

The plaintiff's Halal Food claim fails on the merits.  The plaintiff contends that the defendant has violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the RLUIPA by not providing Halal food products.  The plaintiff, however, has not shown that his religious exercise is substantially burdened by not being provided Halal meat products or that prisoners of other religions were treated differently.

Section 2000cc-1(a) of the RLUIPA provides as follows: No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person - (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.  *See* 42 U.S.C. § 2000cc-1(a).

The defendant holds the position of Muslim Chaplain with the SCDC and assists SCDC staff with issues relating to Muslim religious practices and services.  (Def. Mem. Summ. J. Ex. A ¶¶ 1-2.)  The plaintiff admits that the defendant has been designated as the "Imam" to "manage Islamic Affairs" at the SCDC.  (Compl. Mem. Supp. at 1-2.)  The defendant attests to the following:

> While Halal meat is the best means for a Muslim to fulfill his dietary requirements, it is also permissible to eat meats slaughtered by Christians and Jews. A Muslim may thus practice his faith without Halal products where the availability of such products is beyond his control, which is the case when incarcerated.

(Def. Mem. Supp. Summ. J. Ex. A. ¶ 7.)  The plaintiff has offered no evidence or argument

7

in opposition. Accordingly, there exists no genuine issue of fact as to whether the absence of Halal products constitutes a substantial burden on the plaintiff's religious exercise; it does not.

As to the plaintiff's equal protection claim relating to Halal products, the defendant has submitted evidence that the SCDC does not regularly serve or provide specialized religious food products to inmates of any other faith groups. (Def. Mem. Supp. Summ. J. Ex. A ¶ 8.) The plaintiff, again, has submitted no evidence or argument to the contrary. Accordingly, no genuine issues of fact remain as to his equal protection claim concerning Halal food products.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the defendant's Motion for Summary Judgment be GRANTED and the plaintiff's claim related to Halal Food products be dismissed with prejudice and his claims related to observance of the Ramadhaan fast and access to Islamic study materials be dismissed without prejudice.

It is so RECOMMENDED.

s/Bruce H.  Hendricks
United States Magistrate Judge

February 14, 2007
Greenville, South Carolina.